```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

BEVERLY REED                                     CIVIL ACTION

V.                                               NO. 07-1215

KMART CORPORATION, ET AL.                        SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiff's motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is GRANTED.

Background

The plaintiff, Beverly Reed claims she tripped an fell over a wooden pallet in a Kmart store on February 6, 2006. She sued Kmart and Steve Shelby, a Kmart employee, in state court on February 2, 2007, seeking damages for injuries from the fall. Kmart filed notice of removal on March 8, 2007, invoking this Court's original

1

diversity jurisdiction pursuant to § 1332. On July 2, 2007, the Court issued a docket call ordering Reed to complete service of Shelby and to file proof of service with the Court no later than August 6, 2007. <u>See</u> Fed. R. Civ. Pro. Rule 4(m). On August 6, 2007, the Court dismissed Shelby without prejudice from the case, finding that Reed failed to comply with the Court's July 2, 2007 order.

The plaintiff argues that, although the Clerk of the Court did not enter the plaintiff's proof of service into the record until past the Court's August 6 deadline, in reality, the plaintiff did timely file proof of service with the Court on August 6, 2007, as required. She requests the Court to recognize her timely filing and vacate its order of dismissal.

I.

Rule 60(b) allows the Court to correct obvious errors or injustices. <u>Fackelman v. Bell</u>, 564 F.2d 734, 736 (5th Cir. 1977); <u>Pryor v. U.S. Postal Service</u>, 769 F.2d 281, 286 (5th Cir. 1985). A court will grant relief under Rule 60(b) only in limited circumstances, such as upon a showing of mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or other misconduct of an adverse party; or any other reason justifying relief from the operation of the order. Fed. R. Civ. P. 60(b). Even though the plaintiff's proof of service was not entered into the record until August 7, 2007, it was, in

fact, timely filed with the Court by the August 6, 2007 deadline. Therefore, the dismissal of Shelby was in error, and this motion for relief is GRANTED.[1]

New Orleans, Louisiana, October 30, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT COURT

---

[1] When the parties properly raise the issue of diversity, the Court will consider it.